IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEROME M. MERAZ                                                                               PLAINTIFF

v.                            Civil No. 5:24-cv-05029-TLB-MEF

JOHN OR JANE DOE DISPATCH OFFICER,
Fayetteville Police Department (FPD);
PATROL OFFICER Z. TALLON, FPD; and
JOHN DOE, District Prosecuting Attorney                                   DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Jerome M. Meraz ("Meraz"), currently an inmate of the Delta Regional Unit of

the Arkansas Division of Correction, filed this civil rights action under 42 U.S.C. § 1983.   Meraz

proceeds *pro se* and *in forma pauperis* ("IFP").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L.

Brooks, United States District Judge, referred this case to the undersigned for the purpose of

making a Report and Recommendation.   The case is before the Court for preservice screening of

the Complaint (ECF No. 1) under 28 U.S.C. § 1915A.   Pursuant to § 1915A, the Court has the

obligation to screen any complaint in which a prisoner seeks redress from a governmental entity

or officer or employee of a governmental entity.

### I.      BACKGROUND

According to the allegations of the Complaint, on April 2, 2022, Defendant Tallon, an

officer with the Fayetteville Police Department ("FPD"), initially advised Meraz that he was being

detained only to be served with an order of protection.   (ECF No. 1 at 5-6).   However, after

Defendant Dispatcher advised Defendant Tallon that Meraz had been previously charged with

having trespassed at 775 W. Sycamore Street, apartment 49, Meraz states he was arrested, charged

with trespassing, and taken to jail. *Id.* at 4-6. Meraz asserts the information provided was incorrect. *Id.* He indicates he had been charged with trespassing at apartment 47, not apartment 49. *Id.* Meraz indicates he was incapacitated at the time due to an October 2021 suicide attempt. *Id.* at 4-5. Defendant Tallon took possession of a house key and a CRT pocket knife. *Id.* at 6. Meraz states he was never provided with a receipt for these items, has not received the items back, and has been denied his belongings. *Id.* at 6-7.

Except for 45 days when he was out on bond, Meraz states he was incarcerated from April 2, 2022, until December 13, 2023. (ECF No. 1 at 10). Meraz indicates his arrest triggered a parole revocation charge and his bond was revoked. *Id.* Meraz contends if Defendant Dispatcher had been competent and read the prior charge correctly, he would not have been arrested, charged with trespassing, and a parole violation charge filed. *Id.*

In paragraph three of Defendant Tallon's narrative report, he is alleged to have indicated that Meraz had a previous stalking and kidnapping conviction out of Oklahoma from 2011, and a felony stalking conviction the same year in Arkansas. (ECF No. 1 at 6). Meraz contends these statements were false and resulted from Defendant Tallon not understanding what he read. *Id.* at 7, 10. Meraz regards these false statements as an attack on his character. *Id.* at 10.

Next, Meraz alleges he has been maliciously prosecuted. (ECF No. 1 at 7-8). Specifically, Meraz alleges that the Defendant Prosecutor refused to look at the facts, went solely based on the victim's statement, and exhibited bias in favor of the victim. *Id.* at 8, 10. Meraz maintains the Defendant Prosecutor did not conduct a proper investigation or have one performed. *Id.* Meraz indicates he made a report on his own in the City Prosecutor's Office and to Officer C. Crafton of the FPD. *Id.* Despite this, Meraz alleges the Defendant Prosecutor continued to try to get him to plead guilty to the charge. *Id.* Eventually, on December 13, 2023, the charges were

nolle prosed.  *Id*.

For relief, Meraz seeks compensatory and punitive damages.  (ECF No. 1 at 9).  Additionally, Meraz asks that the arrest be "taken out of the data bank to be erased from [his] record."  Finally, Meraz asks that his filing fee be paid in full.

## II.      APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.     DISCUSSION

Several of Meraz's claims are subject to dismissal.   His claims are each addressed in turn.

### A.      Prosecutorial Immunity

The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."   This immunity extends to all

acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430.

Meraz has failed to allege that the Defendant Prosecutor engaged in any conduct other than prosecutorial functions. "Whatever [Defendant Prosecutor's] motives may have been ... his conduct in filing [and pursuing] the charges is protected by absolute immunity." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). Accordingly, Defendant Prosecutor is entitled to absolute immunity on the individual capacity claims against him. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

## B.    Sovereign Immunity

To the extent that an official capacity claim is asserted against the Defendant Prosecutor, the claim is barred by sovereign immunity. In Arkansas, prosecuting attorneys are officers of the state. Ark. Const. amend. 80, § 20. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989) (citation omitted).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. It confirms "the structural understanding that States entered the Union with their sovereign immunity intact." *VA. Off. For Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011). "Absent a waiver of state sovereign immunity or a valid abrogation of sovereign immunity by Congress, federal courts may not entertain a private party's suit against a State." *EEE Minerals, LLC v. State of N. Dakota*, 81 F.4th 809, 815 (8th Cir. 2023).

The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. N. Ark.*

*Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Meraz's official capacity claims against the Defendant Prosecutor are barred by the Eleventh Amendment.

### C.    Deprivation of Property

The Due Process Clause of the Fourteenth Amendment provides that "'[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law.'" *Walters v. Wolf*, 660 F.3d 307, 311 (8th Cir. 2011) (quoting U.S. Const. Amend. XIV, § 1). "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the ... Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) (internal quotation marks omitted). "In some circumstances ... the Court has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." *Zinermon v. Burch*, 494 U.S. 113, 128 (1990). Specifically, when the deprivation is the result of a random and unauthorized act and not pursuant to some established governmental procedure, the Court has held that "adequate postdeprivation remedies satisfy the requirements of due process." *Walters*, 660 F.3d at 312 (citations omitted). "The loss of property ... is in almost all cases beyond the control of the [government], in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id*.

Meraz contends Defendant Tallon has deprived him of a house key and a pocket-knife. Meraz points to no established procedure that resulted in the deprivation. Even if Defendant Tallon intentionally deprived Meraz of his property, a post-deprivation remedy is all the process Meraz is due. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available). Arkansas

law provides such a post-deprivation remedy through an action for conversion.  *See e.g., Elliott v. Hurst*, 817 S.W.2d 877, 880 (Ark. 1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).  No cognizable constitutional claim for deprivation of personal property is stated.

### D.     Defamation

Defamation of character does not state a constitutional violation.  "[D]efamation, per se, is not actionable under section 1983."  *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause.  *Paul v. Davis*, 424 U.S. 693, 711-12 (1976).  In other words, the "Supreme Court has made clear that federal courts are not to view defamatory acts as constitutional violations."  *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 400 (3d Cir. 2000).  No cognizable constitutional claim for defamation is stated.

### E.     False Arrest

"Under the Fourth Amendment, a person has a right to be secure in his person and warrants may not issue but upon probable cause."  *Ross v. City of Jackson, Mo.*, 897 F.3d 916, 920 (8th Cir. 2018).  "It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments."  *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013) (internal quotation marks and citation omitted).  However, a false arrest claim under § 1983 "fails as a matter of law where the officer had probable cause to make the arrest."  *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).

"[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983).  The Eighth Circuit has provided a fluid definition to

provide some guidance in evaluating the existence of probable cause.   Specifically, the Eighth

Circuit has stated that "[p]robable cause exists when "the totality of the circumstances at the time

of the arrest '[is] sufficient to lead a reasonable officer to believe that the defendant has committed

or is committing an offense."  *Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011) (quoting

*Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010)).   "The substance of all the

definitions of probable cause is a reasonable ground for belief of guilt."   *Baribeau v. City of*

*Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010).

"We must give law enforcement officers 'substantial latitude in interpreting and drawing

inferences from factual circumstances,' ... but such latitude is not without limits."   *Kuehl v. Burtis*,

173 F.3d 646, 650 (8th Cir. 1999) (quoting *United States v. Washington,* 109 F.3d 459, 465 (8th

Cir. 1997)).   First, evidence tending to "negate the possibility that a suspect committed a crime is

relevant" to whether probable cause exists.   *Id*.   "In this sense, the Fourth Amendment requires

that we analyze the weight of all the evidence—not merely the sufficiency of the incriminating

evidence."   *Id*.   Second, "law enforcement officers have a duty to conduct a reasonably thorough

investigation prior to arresting a suspect, at least in the absence of exigent circumstances and so

long as law enforcement would not be unduly hampered if the agents wait to obtain more facts

before seeking arrest."   *Id*. (internal punctuation marks and citations omitted).

An officer is entitled to "qualified immunity for a warrantless arrest if the arrest was

supported by at least 'arguable probable cause.'"   *Joseph*, 712 F.3d at 1226.   "Arguable probable

cause exists even where an officer mistakenly arrests a suspect believing it is based on probable

cause if the mistake is objectively reasonable."   *Id*. (internal quotation marks and citation

omitted).   The existence of probable cause is a question of law.   *Id*. at 1227.

While Meraz's factual allegations may be insufficient to survive a motion on the merits,

the Court believes they are sufficient to allege a plausible false arrest claim against Officer Tallon.

### F.      Malicious Prosecution

While the Complaint appears to assert a malicious prosecution claim only against the Defendant Prosecutor, even if we liberally construe it to be asserting such a claim against the other two defendants, the claim still fails.   For a malicious prosecution claim, sometimes referred to as an unlawful seizure pursuant to legal process claim, to state a constitutional violation it must arise under the Fourth Amendment.   *Harrington v. City of Council Bluffs*, 678 F.3d 676, 679 (8th Cir. 2012).   "[T]he gravamen of the tort of malicious prosecution" is "the wrongful initiation of charges without probable cause."   *Thompson v. Clark*, 596 U.S. 36, 44 (2022).   The elements of a malicious prosecution claim are: (1) the charge was instituted without probable cause; (2) the motive for instituting the suit was malicious—that is, for a purpose other than bringing the plaintiff to justice; and (3) the prosecution ended with a favorable termination.   *Id*.   In *Thompson*, the Court determined that to establish a favorable termination a plaintiff "need only show his prosecution ended without a conviction."   *Id*. at 39.

Meraz's allegations are insufficient to state a plausible malicious prosecution claim against either Defendant Tallon or Defendant Dispatcher.   While he alleges that they either misread or failed to properly comprehend the information available to them, Meraz has not alleged that either acted maliciously or for an improper motive.   At most, Meraz's allegations speak of negligent conduct.   Negligence does not support a § 1983 claim.   *See e.g., Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (a culpable state of mind of more than negligence or even gross negligence is required to state a claim under § 1983).

### IV.      CONCLUSION

For the reasons stated above, the following is recommended:

- All claims against the John Doe Prosecutor be dismissed.

- The deprivation of property claims against Defendant Tallon be dismissed.

- The defamation claims against Defendant Tallon and Defendant John or Jane Doe Dispatcher be dismissed.   And,

- The malicious prosecution claims against Defendant Tallon and Defendant John or Jane Doe Dispatcher be dismissed.

Adoption of this Report and Recommendation would terminate all claims against Defendant John Doe Prosecutor and Defendant John or Jane Doe Dispatcher.   Additionally, all claims against Defendant Tallon would be dismissed, **except** for the false arrest claim against him. By separate Order the Complaint will be served upon him.

**Status of the Referral**:   **This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 7th day of February 2024.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE