# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**JEROME M. MERAZ**  **PLAINTIFF**

**V.**  **CASE NO. 5:24-CV-5029**

**OFFICER Z. TALLON, #471,**
**Fayetteville Police Department**  **DEFENDANT**

## ORDER

Now pending before the Court is the Report and Recommendation ("R&R") (Doc. 35) of the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, filed in this case on December 20, 2024, regarding Defendant Officer Z. Tallon's Motion for Summary Judgment (Doc. 22). Judge Ford recommends granting the Motion and dismissing the case with prejudice.

Plaintiff Jerome M. Meraz filed Objections to the R&R (Doc. 37) on January 2, 2025. On the same date, Mr. Meraz—without leave of Court—filed a supplement to his response to the Motion for Summary Judgment (Doc. 36). Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the case *de novo*, giving particular consideration to those portions of the R&R that drew objections. The Court also reviewed Mr. Meraz's late-filed supplement to the Motion for Summary Judgment.

According to the Complaint, Defendant Tallon violated Mr. Meraz's constitutional rights by arresting him without probable cause on April 2, 2022, for trespass and stalking. "Whether the police had probable cause at the time of [Meraz's] arrest is a question of law for the court to decide." *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010). Even where probable cause is lacking, a police officer is entitled to qualified

1

immunity for a warrantless arrest if there was at least *arguable* probable cause; in other words, an officer's objectively reasonable mistake about the existence of probable cause is enough to immunize him from liability. *See Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013) (internal quotation marks and citation omitted).

In his Objections to the R&R, Mr. Meraz does not dispute any of the material facts that Defendant Tallon claims he knew at the time of arrest. Rather, Mr. Meraz attempts to justify, explain, and excuse these facts. For example, the victim who called the police that day was Mr. Meraz's ex-girlfriend. She told police that Mr. Meraz had previously trespassed at her apartment complex—which was true—and that she had obtained an order of protection that he was violating—also true. She stated that Mr. Meraz appeared at her apartment door and refused to leave; he kept ringing her doorbell and was dressed in *a wig, gloves, and a black mask*, which made her fearful.[1] Mr. Meraz also does not dispute that immediately prior to the arrest, Defendant Tallon was informed by police dispatch that Mr. Meraz had a previous conviction for stalking and kidnapping and that he had trespassed at the victim's apartment before.

In Mr. Meraz's view, Defendant Tallon lacked probable cause to arrest him for trespass because he did not succeed in entering the victim's apartment. Mr. Meraz insists she invited him over and that he "did not knowingly put [the victim] in distress." (Doc. 37, pp. 2–5). He also points out that there is nothing illegal, per se, about wearing masks and wigs.

Mr. Meraz's views on the propriety of his behavior and his subjective intent in

---

[1] These items were found in Mr. Meraz's car after his arrest.

2

visiting his ex-girlfriend's apartment on the day of the arrest are entirely immaterial, since the probable cause analysis turns on what the *arresting officer* reasonably believed at the time. *See Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011) (finding that probable cause exists when the totality of the circumstances known to the arresting officer is sufficient to lead him to believe the defendant has committed or is committing a crime). The Court, like the Magistrate Judge, has "little trouble finding that probable cause existed to arrest Meraz for trespassing and stalking." (Doc. 35, p. 12).

**IT IS THEREFORE ORDERED** that Mr. Meraz's Objections are **OVERRULED**, the R&R is **ADOPTED IN ITS ENTIRETY**, and the Motion for Summary Judgment (Doc. 22) is **GRANTED**. Judgment will enter concurrently with this opinion.

**IT IS SO ORDERED** on this \_\_9th\_\_ day of January, 2025.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE